## Joshua L. Millard *vs.* Cyrus Baldwin.

On a promise, under seal, made by A to B, for the benefit of C, C cannot sue.

An award, on a general submission in writing, whether under seal or not, of all disputes between A and B, that A shall pay certain debts of B to third persons, although made on the express condition that A shall receive certain property of B, will not support an action against A by one of such creditors to recover a debt specified in the award.

An averment, at the end of a special declaration in contract, that the defendant owes the plaintiff the sum before mentioned, is a mere statement of conclusion of law from the facts stated, and not to be deemed admitted by demurrer.

Action of contract, commenced at June term 1854 of the the court of common pleas. The declaration alleged that the defendant and Cyrus Hewitt, by agreement in writing, submitted certain matters in dispute between them, relating to the late copartnership between Hewitt and Charles A. Baldwin, to the arbitration of Ralph Taylor, William Stoddard and Orrin Curtis, their decision in the premises to be final and binding upon the parties; that the defendant bound himself· to Hewitt to assume, so far as Charles A. Baldwin was concerned, all the debts and liabilities of said partnership; that there was then due from said partnership to the plaintiff a debt of one hundred and twenty five dollars, which was submitted to said arbitrators, and which the defendant " was, in and by said award, ordered to pay to the plaintiff, and is by law bound to pay the same. And the plaintiff says, the defendant owes him one hundred and twenty five dollars, the sum so awarded to him by said arbitrators." Copies of the submission and award were annexed to the declaration. The submission was under seal, and the parties thereby submitted to the arbitration of Taylor and Stoddard certain disputes existing between the parties " concerning matters relating to the late copartnership between said Hewitt and Charles A Baldwin, including a suit in favor of said Hewitt against said Cyrus Baldwin, and all claims that each party may have against the other of every name or nature; " and bound themselves to each other, in the penal sum of $500, to fulfil the agreement of submission and perform the award; but written at the end of the submission was an agreement of later date, signed, but not sealed, by the parties, appointing Curtis " arbi-

trator to act with said Taylor and Stoddard, this board to have the powers above mentioned, and their award or a major part of them to be binding." By the award, the defendant was ordered to pay certain specified debts of Baldwin & Hewitt, one of which was " a debt due to Joshua L. Millard from Baldwin & Hewitt of one hundred and twenty five dollars ; " but the award was made on the express condition that the defendant should have possession of all the property of the firm of Baldwin & Hewitt, including notes and accounts, with the right to sell and convert the same to his own use.

The defendant demurred, on the ground that the declaration did not state a legal cause of action substantially in accordance with the rules contained in *St.* 1852, *c.* 312 ; and particularly assigned the following cause of demurrer : " That said plaintiff is not a party to any agreement or award between the defendant and said Hewitt, and the plaintiff cannot sue on any agreement or award set forth in said declaration, or in the copy to said declaration annexed."

*I. Sumner*, for the defendant.

*J. Branning*, for the plaintiff. The submission on which this award was made was not a specialty ; for though the original submission was under seal, the parties substituted for it a later agreement, not under seal, by which they submitted their disputes to three arbitrators, instead of two, referring to the first submission for the purpose of defining the powers of the board. This same award, which charged the defendant with the debts of Baldwin & Hewitt, ordered their property to be transferred to him ; the defendant, by accepting the award, became liable to pay the debts ; and the plaintiff may sue on the stipulation in the award, made for his benefit. *Arnold* v. *Lyman*, 17 Mass. 400. *Hall* v. *Marston*, 17 Mass. 575. *Curtis* v. *Norris*, 8 Pick. 282. *Jackson* v. *Mayo*, 11 Mass. 147. *Felton* v. *Dickinson*, 10 Mass 287. *Carnegie* v. *Morrison*, 2 Met. 401–405. *Mellen* v. *Whipple*, 1 Gray, 322. *Kingsley* v. *New England Mutual Fire Ins. Co.* 8 Cush. 400.

But the allegation in the last clause in the declaration, that the defendant owes the plaintiff $125, the sum so awarded by said

arbitrators, (the truth of which, as of all other facts distinctly stated, is admitted by the demurrer,) is of itself a sufficient declaration, under the new practice act, ( *St.* 1852, *c.* 312,) and all that precedes may be rejected as surplusage.

METCALF, J. This demurrer must be sustained. If the defendant's engagement to abide the award is to be regarded, in law, as made by Hewitt and him, under seal, then Hewitt alone, during his life, or his legal representatives, after his decease, can maintain an action for a violation of that engagement. The doctrine relied on by the plaintiff, namely, that when A makes a promise to B for the benefit of C, C may sue, in his own name, for a breach of that promise, is confined exclusively to parol (unsealed) contracts. Addison on Con. 242. *Sanders* v. *Filley*, 12 Pick. 554. *Johnson* v. *Foster*, 12 Met. 167. *Hinkley* v. *Fowler*, 15 Maine, 285. And if, in consequence of the parol modification of the sealed submission to arbitrators, the engagement to abide the award is to be regarded, in law, as a parol engagement, (as the plaintiff contends,) then we are of opinion that this is not a case to which the doctrine relied on by the plaintiff can be applied. *Mellen* v. *Whipple*, 1 Gray, 317. *Crafts* v. *Tritton*, 2 Moore, 411. Granting that the declaration, with the award to which it refers, so distinctly alleges, that it can be deemed to be admitted by the demurrer, that the defendant has received property of Baldwin & Hewitt under such circumstances as would render him liable to the plaintiff, if he had expressly promised Hewitt to pay the plaintiff's debt; it is very clear that the defendant's promise to perform the award, which the arbitrators might make on the matters in dispute between them, was to Hewitt; and that this promise would render the defendant liable, if he should fail to perform the award, to one action by Hewitt only, and not to a separate action by every other person whose claim upon the partnership the arbitrators might order him, as between himself and Hewitt, to pay.

The last clause in the declaration cannot aid the plaintiff; for it is not an allegation of fact, and as such admitted by the demurrer, but a mere statement of the plaintiff's conclusion of law resulting from the facts already alleged. Gould Pl. *c.* 9, § 29.

*Declaration adjudged bad.*